Filed 9/2/14  P. v Chavez CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO CHAVEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B252941<br>(Super. Ct. No. SM101804)<br>(Santa Barbara County) |

A felony complaint charged appellant Alejandro Chavez with possession for sale of a controlled substance (Health & Saf. Code, § 11351) and sale or transportation of a controlled substance (*id.* at § 11352).  In exchange for a negotiated sentence, appellant waived his trial rights and pled no contest to the possession charge. On motion of the district attorney, the trial court dismissed the remaining charges.  The trial court suspended pronouncement of judgment and placed appellant on probation for five years with terms and conditions including that he serve 120 days in county jail.  His probation ended on March 11, 2002.

More than 11 years later, appellant moved to vacate the judgment on the ground that the trial court failed to advise him of the immigration consequences of his plea.  The trial court denied his motion.  The court also denied appellant's subsequent motion for reconsideration.

In the plea agreement, which appellant signed, a box contains his handwritten initials next to a statement that "I understand that if I am not a citizen of the United States, a plea of GUILTY/NO CONTEST may result in deportation, exclusion from admission to the United States or denial of naturalization and citizenship." The trial court, referring to the plea agreement, told appellant that "[t]here are various boxes that have what appear to be your initials. Did you in fact initial these boxes?" Appellant stated, "Yes, I did." The court then asked if appellant had signed the plea agreement, and appellant confirmed that he had.

In a declaration attached to the motion to vacate the judgment, appellant stated that "[p]rior to accepting my plea, neither the court nor my attorney, advised me . . . that the conviction 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization.'" He claimed that "[t]he initials in the box [on page four of the plea agreement form] dealing with possible immigration consequences are not mine." He admitted that the initials on the other pages and his signature were valid.

The trial court found that the initials on page four "look[] exactly like the same handwriting" on the other pages. That, coupled with appellant's admission on the record that all of the initials were his, caused the court to find that appellant was in fact advised of the potential immigration consequences of his plea.

Appellant's motion for reconsideration relied on the declaration of a handwriting expert. The expert stated that she compared the initials on page three of the plea agreement, which she understood to be from appellant, with those on the other pages. The expert opined that it was "highly probable" that the initials on the other pages were not authored by appellant. Appellant signed a declaration stating that he was mistaken in his earlier declaration when he stated that all of the initials were his except for those on page four. He claimed that only the initials on page three were his. The trial court found that appellant's declaration was not credible and that the expert's opinion was therefore irrelevant.

2

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On May 30, 2014, we notified appellant that he had 30 days in which to advise us of any claims he wished us to consider. He submitted a five-page letter brief with attachments.[1]

Having examined the entire record, counsel's *Wende* brief and appellant's letter brief, we are satisfied appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        PERREN, J.

We concur:



GILBERT, P. J.



YEGAN, J.

_____

[1] Appellant's letter brief merely elaborates on the facts that were before the trial court.

Rick Brown, Judge

Superior Court County of Santa Barbara
_____


Lisa M. J. Spillman, under appointment by the Court of Appeal; Alejandro Chavez, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.